IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALLEN WAYNE ESCALANTE                                                    PLAINTIFF

   v.                                 CIVIL NO. 12-2024

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                           DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 31, 2012, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Subsequently, an order was issued directing Plaintiff to provide more information on his IFP application. ECF No. 4. Plaintiff filed an amended IFP application on February 15, 2012. ECF No. 5. On February 16, 2012, the court ordered that Plaintiff provide a supplement with an estimate of his monthly expenses. ECF No. 7. Plaintiff filed his IFP supplement on March 1, 2012. ECF No. 8. For reasons stated below, the undersigned recommends that Plaintiff's IFP motion be denied.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338.

Plaintiff's IFP application indicates that he has four children ranging from ages seven to seventeen. ECF No. 2. He receives approximately $2900.00 in Social Security benefits and $740.00 from his Whirlpool pension on a monthly basis. The court recognizes that Plaintiff supports several children, has little property, and is unable to work. However, given Plaintiff's

monthly income of $3640, the undersigned cannot conclude that he is indigent for IFP purposes. Even after deducting his reported monthly expenses, some of which do not appear to be necessities, Plaintiff has approximately $600.00 remaining. For these reasons, Plaintiff has not demonstrated that paying the filling fee would result in undue financial hardship. Accordingly, the undersigned finds that a waiver of the filing fee would be inappropriate in this instance.

The undersigned recommends that Plaintiff's IFP application be denied and he be required to pay the filing fee of $350.00. **The parties have <u>fourteen</u> days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 5th day of March 2012.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**